IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WHITNEY NATIONAL BANK, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-06-1492 |
| § | |
| MEDICAL PLAZA SURGICAL CENTER § | |
| L.L.P., *et al.,* § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

Whitney National Bank ("Whitney Bank") filed this suit to recover amounts owing under promissory notes and guaranty agreements executed by the defendants, Medical Plaza Surgical Center L.L.P. ("Medical Plaza") and eight individuals, Richard Crouse, David Janowitz, Benny J. Sanchez, Duy Bui, Clifford Kirby, Melinda Andress, Jose Guajardo, and Anthony LaMarra. The suit arises out of a loan by Whitney Bank to finance a medical facility owned by a limited partnership, the Medical Plaza Surgical Center, L.L.P. One of the individuals who invested in the limited partnership and signed personal guarantees of the loan, Benny Sanchez, was dismissed early in the proceedings, after he filed for bankruptcy. Two of the individual investor-guarantor defendants, David Janowitz and Michael Mann, settled with Whitney Bank. Mann settled before Whitney Bank filed the original complaint. Janowitz settled before Whitney Bank filed its motion for partial summary judgment. Two of the individual investor-guarantor defendants, Duy Bui and Jose Guajardo, filed

counterclaims against Whitney Bank alleging fraud and civil conspiracy. This court granted Whitney Bank's motion to dismiss these counterclaims. (Docket Entry No. 55). This court also granted Whitney Bank's motion for partial summary judgment as to the liability of the defendants, jointly and severally, on the notes and guarantees. (Docket Entry No. 70). The remaining issue is Whitney Bank's claim for attorneys' fees.

Whitney Bank has submitted an affidavit in support of its attorneys' fees claim. (Docket Entry No. 76, Ex. A). The affidavit describes the type of work performed by Whitney Bank's attorneys, their hourly rates, and the total fees and costs charged. The affidavit also segregates the fees attributable to the claims against the settling parties. In the affidavit and supporting briefs, Whitney Bank asserts that it is entitled to recover the remaining fees jointly and severally from the nonsettling defendants. (Docket Entry No. 76). At a hearing held on November 13, 2007, counsel for defendant Crouse argued that this court must separate and allocate the fees among the nonsettling defendants to reflect which of the defendants raised arguments against liability that required Whitney Bank's counsel to spend time and Whitney Bank to incur fees. No defendant filed written materials supporting this argument. Robert J. Kruckemeyer, counsel for defendants Bui and Guajardo, did submit an affidavit stating that the reasonable and necessary attorneys' fees for a case such as this are $30,000. (Docket Entry No. 75). Whitney Bank filed a response. (Docket Entry No. 76).

Based on a careful review of the record, the motion, the opposing affidavit and response, and the applicable law, this court finds and concludes that Whitney Bank's claims for fees is reasonable and necessary and grants Whitney Bank's motion to recover attorneys'

2

fees jointly and severally from the nonsettling defendants. The reasons are set out below.

## I.      The Applicable Legal Standards

"State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). A plaintiff is entitled to recover reasonable attorneys' fees for a suit for breach of contract under Texas Civil Practice and Remedies Code § 38.001(8).[1] A plaintiff seeking attorneys' fees under section 38.001 has the burden of proof of demonstrating the reasonableness of the fees and the duty to segregate recoverable fees from unrecoverable fees. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991); *In re Smith*, 966 F.2d 973, 978 (5th Cir. 1992) (citing *Caldwell & Hurst v. Myers*, 714 S.W.2d 63, 65 (Tex. App.–Houston [14th Dist.] 1986, writ ref'd n.r.e.).

Both the Fifth Circuit and the Texas courts use the lodestar method for calculating reasonable attorneys' fees. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995); *Toshiba Mach. Co., Am. v. SPM Flow Control, Inc.*, 180 S.W.3d 761, 782 (Tex. App.-Fort Worth 2005, pet. granted, judgm't vacated w.r.m.); *World Help v. Leisure Lifestyles, Inc.*, 977 S.W.2d 662, 684 (Tex.App.-Fort Worth, 1998, pet. denied); *see also Guilty v. C.C.I. Enters., Co.*, 54 S.W.3d 526, 528 (Tex. App.-Houston [1st Dist.] 2001, no pet.) ("In determining the reasonableness of attorney's fees, the fact finder must be guided by a specific standard. This standard is substantially similar under both federal law and state

---

[1] Section 38.001 provides: "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . (8) an oral or written contract."

law."). One step of this analysis is to determine the reasonable hourly rate for the attorneys and nonlegal personnel who worked on the case. *Id.* The reasonable hourly rate is "based on the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). A court must also determine the number of hours "reasonably expended" by the attorneys. *Kellstrom*, 50 F.3d at 324. The court then multiplies the hours "reasonably expended" by the reasonable hourly rate to determine the lodestar figure. *Id.* The burden of demonstrating the reasonableness of the number of hours expended and the hourly rates charged falls on the fee applicant.[2] *Id.*

**II.    Analysis**

Whitney Bank has provided the necessary support to establish the reasonableness of the fees sought under the lodestar approach. The affidavit signed by Yasmin Islam Atasi, counsel for Whitney Bank, sets out the tasks performed by counsel for Whitney Bank. These tasks were necessary to pursue the claims against the debtor and the investor-guarantors. The affidavit also sets out the hourly rates of the lawyers, legal assistants, and clerks who worked on the case. These ranged from $190 for associates to $450 for partners; $135 to $190 for legal assistants; and $75 for law clerks. These rates are reasonable in Harris County, Texas

---

[2] The court may increase or decrease the lodestar amount based on the factors set out in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974). The twelve *Johnson* factors are: (1) the time and labor involved, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal services properly, (4) the preclusion of other employment due to this case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations, (8) the amount involved and results obtained, (9) the experience, reputation, and ability of counsel, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19. Texas courts weigh similar factors set out in Rule 104 of the Rules of Professional Conduct to determine the reasonableness of fees. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).

for the type of matter, the types of tasks performed, and the experience and credentials of those performing the work. Whitney Bank had previously produced documents that identified the lawyers who performed the work and detailed the amount of time they spent on specific tasks. The defendants have raised no specific issue as to the reasonableness or necessity of time spent or the reasonableness of the rates charged.

The affidavit also sets out the basis on which Whitney Bank allocated and segregated the attorneys' fees relating to work on the claims against the settling defendants, Mann and Janowitz, and the defendant who was dismissed due to bankruptcy, Sanchez. The affidavit identified $1,057 in fees relating to Michael Mann; $4,000.50 in fees relating to David Janowitz; and $5,168 in fees relating to Benny Sanchez. The affidavit establishes that the $97,334.85 in fees and costs sought jointly and severally from the defendants who have not settled or been dismissed does not include the fees attributable to the claims involving the settling defendants.

Counsel for defendant Crouse argued at the hearing on attorneys' fees that this court must allocate liability for the fees among the remaining defendants to reflect which defendants raised arguments against liability that required Whitney Bank's counsel to spend additional time and generate fees. In its brief, Whitney Bank pointed to Texas case law that defeats this argument. In *Gorman v. Countrywood Property Owners Association,* 1 S.W.3d 915, 919 (Tex. App. – Beaumont 1999, pet. denied), the defendants contended that the trial court should have allocated fees among the defendants rather than assessing them jointly and severally, contending that Texas law on segregation of fees "entails proving which fees were

incurred suing which defendants." *Id.* at 919. The court rejected that argument, holding that while Texas law required a plaintiff suing multiple parties to "'segregate the fees owed by the remaining defendants from those owed by the settling defendants so that the remaining defendants are not charged fees for which they are not responsible,'" nonsettling parties were jointly and severally responsible for the fees. *Id.* at 918-19 (quoting *Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 11 (Tex.1991)). The defendants did not dispute the authorities Whitney Bank cited. The defendants have submitted no authority for the argument that Whitney Bank is required to allocate fees among the nonsettling defendants depending on who was responsible for fees incurred in responding to motions, defenses, or counterclaims.

The only other submission offered in opposition to Whitney Bank's motion for fees is the affidavit of Kruckmeyer, counsel for Bui and Guajardo. Even assuming that the affidavit is appropriately considered – despite the fact that it was filed without a timely designation of the affiant as an expert and without seeking leave of court to do so – it does not provide a basis for reducing the fees Whitney Bank seeks. The affidavit is both general and conclusory. The affiant states that in his judgment, a reasonable fee would have been $30,000. The stated basis for the opinion is his review of the affidavit Whitney Bank submitted in support of the fees it sought. The affidavit did not, however, review Whitney Bank's fee statements. The affidavit does not provide any reasons for the opinion expressed based on either the specific facts of this case or the amount or type of work done by Whitney Bank's counsel.

The defendants' objections to the attorneys' fees Whitney Bank seeks to recover are

overruled.

### III.   Conclusion and Order

Whitney Bank has established that it is entitled to recover $86,505.72 in attorneys' fees against the defendants who have not settled or been dismissed, jointly and severally. Whitney Bank has also established a right to recover costs in the amount of $10,829.13. The fees and costs extend through November 12, 2007.

On December 21, 2007, one of the nonsettling defendants, Clifford Kirby, filed a notice that on November 9, 2007, he had filed for bankruptcy under Chapter 7 of the Bankruptcy Code. (*In re Kirby*, No. 07-37840-H5-7 (Bankr. S.D. Tex filed Nov. 9, 2007)). A petition filed under 11 U.S.C. §§ 301, *et seq.,* operates as a stay of the continuation of a judicial proceeding against the debtor that was commenced before the initiation of the bankruptcy proceeding. 11 U.S.C. § 362(a)(1). The automatic stay is in effect as to Kirby.

No later than January 25, 2008, Whitney Bank is to submit a proposed final judgment.

SIGNED on January 10, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge